UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENEEN ADAMS,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:16-cv-1278

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g)**.

1

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to

the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 44 years of age on her alleged disability onset date. (PageID.385, 387). She possesses a tenth grade education and worked previously as a nurse's aide, manufacturer helper, institutional cook, and home-care attendant. (PageID.147-48). Plaintiff applied for benefits in early 2014, alleging that she had been disabled since August 8, 2008, due to depression, bi-polar disorder, and chronic back pain. (PageID.385-92, 429). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.296-383).

On March 5, 2015, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (PageID.155-221). In a written decision dated June 12, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.135-49). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.27-33). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

# ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) bipolar/depressive disorder; (2) post-traumatic stress disorder (PTSD); (3) personality disorder; (4) history of cannabis/marijuana abuse; (5) degenerative disc disease of the lumbar spine; and (6) left-sided weakness as a residual of a cerebrovascular infarction, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.137-40).

With respect to Plaintiff's residual functional capacity (RFC), the ALJ concluded that Plaintiff retained the ability to perform a limited range of light work. (PageID.141). A vocational expert testified that there existed approximately 13,000 jobs in the state of Michigan which Plaintiff could perform consistent with her RFC. (PageID.216-18). As this constitutes a significant number of jobs, the ALJ found that Plaintiff was not disabled. *See Richardson*, 735 F.2d at 964; *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016).

**I.       The ALJ's RFC Determination is Not Supported by Substantial Evidence**

Before examining the ALJ's decision presently at issue, it is necessary to briefly discuss a prior application for benefits Plaintiff pursued. On August 3, 2010, Plaintiff filed for disability benefits, alleging that she had been disabled since August 8, 2008. (PageID.272). Following a hearing, ALJ Michael Condon concluded that Plaintiff was not disabled.

(PageID.272-84). The relevant portion of ALJ Condon's decision, for present purposes, is his RFC assessment. Specifically, ALJ Condon determined that Plaintiff retained the ability to perform *sedentary* work subject to the following limitations: (1) during an 8-hour workday, she can sit for six hours and stand/walk for two hours; (2) she cannot operate leg or foot controls with her left lower extremity; (3) she requires a sit/stand option as needed; (4) she is limited to simple, unskilled work involving no contact with the general public and only occasional contact with co-workers and supervisors; (5) she can make simple work-related decisions; (6) she can only occasionally use her dominant left upper extremity for gripping/grasping activities; and (7) can only use her left upper extremity to assist her right arm in lifting/carrying up to ten pounds. (PageID.278).

ALJ Prothro, however, determined that Plaintiff possesses a greater residual functional capacity. Specifically, ALJ Prothro found that Plaintiff retained the ability to perform *light* work subject to the following limitations: (1) she can occasionally balance and climb; (2) she can occasionally use her lower extremities to push, pull, and operate foot/leg controls; (3) she requires a cane to ambulate; (4) she is limited to work involving simple, one or two step tasks; (5) she cannot perform tasks that require a fast pace; (6) she can occasionally interact with the general public. (PageID.141).

Plaintiff argues that the ALJ failed to articulate sufficient reasons to support his conclusion that Plaintiff's residual functional capacity had increased following ALJ Condon's previous decision. The Court agrees. The issue whether or when a subsequent ALJ must follow an RFC determination articulated by a prior ALJ has been addressed by the Sixth Circuit in *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990) and *Drummond*

*v. Commissioner of Social Security* 126 F.3d 837 (6th Cir. 1997), as well as by the Social Security Administration in Acquiescence Rulings 98-3(6) and 98-4(6).

        A.      *Dennard v. Secretary of Health and Human Services*

Dennard filed an application for benefits which was eventually denied on the ground that while he could no longer perform his past relevant work, he retained the ability to perform sedentary work which existed in significant numbers. *Dennard*, 907 F.2d at 598-99. Dennard later submitted another application for benefits. This latter application was denied by an ALJ on the ground that Dennard *could* perform his past relevant work. *Id.* at 599. An appeal in federal district court was unsuccessful, but the Sixth Circuit reversed, holding that the latter ALJ was estopped, on res judicata grounds, from contradicting the prior determination that Plaintiff was unable to perform his past relevant work. *Id.* at 600.

        B.      *Drummond v. Commissioner of Social Security*

Drummond filed an application for benefits which was denied based on a finding that while she could no longer perform her past relevant work she could perform sedentary work which existed in significant numbers. *Drummond*, 126 F.3d at 838. Drummond later filed another application for benefits which was denied based on the finding that she retained the ability to perform medium work. *Id.* at 838-39. After unsuccessfully appealing the matter in federal district court, Drummond pursued the matter in the Sixth Circuit. *Id.* at 839-40. Based, in part, on the *Dennard* decision, the *Drummond* court held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 840-42. Thus, if an earlier ALJ makes a finding regarding a claimant's RFC, a later ALJ is bound by that RFC determination absent

changed circumstances. *See, e.g., Rudd v. Commissioner of Social Security*, 531 Fed. Appx. 719, 724 (6th Cir., Sept. 5, 2013). The burden rests with the Commissioner to prove that there exist changed circumstances sufficient to disregard a previous RFC determination. *Ibid.*

C. Acquiescence Rulings 98-3(6) and 98-4(6)

Finding that *Dennard* and *Drummond* conflicted with Social Security policy, the Social Security Administration issued Acquiescence Rulings 98-3(6) and 98-4(6). *See* Acquiescence Ruling 98-3(6), 1998 WL 274051 (Soc. Sec. Admin., June 1, 1998); Acquiescence Ruling 98-4(6), 1998 WL 274052 (Soc. Sec. Admin., June 1, 1998). With respect to how *Dennard* and *Drummond* differed from Social Security policy, the Social Security Administration observed:

> Under SSA policy, if a determination or decision on a disability claim has become final, the Agency may apply administrative res judicata with respect to a subsequent disability claim under the same title of the Act if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.

Acquiescence Ruling 98-3(6), 1998 WL 274051 at 29771; Acquiescence Ruling 98-4(6), 1998 WL 274052 at 29773.

As the Social Security Administration recognized, the *Dennard* and *Drummond* decisions conflicted with Social Security policy. Specifically, the Sixth Circuit concluded that where a final decision by the Social Security Administration contains findings regarding the

8

claimant's ability to perform his past relevant work (*Dennard*) or the claimant's residual functional capacity (*Drummond*), the Administration "may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding." Acquiescence Ruling 98-3(6), 1998 WL 274051 at 29771; Acquiescence Ruling 98-4(6), 1998 WL 274052 at 29773.

Accordingly, the Social Security Administration concluded that it would apply *Dennard* and *Drummond*, within the Sixth Circuit, thusly:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

Acquiescence Ruling 98-3(6), 1998 WL 274051 at 29771; Acquiescence Ruling 98-4(6), 1998 WL 274052 at 29773.

In other words, the Social Security Administration adopted, with respect to applications brought within the geographic territory of the Sixth Circuit, the holdings in *Dennard* and *Drummond*. In sum, an Administrative Law Judge is bound by a previous Administrative Law Judge's residual functional capacity absent changed circumstances.

Here, ALJ Prothro failed to articulate sufficient reason to disregard the previous ALJ's RFC assessment. In support of his decision to disregard ALJ Condon's RFC and instead adopt a more expansive RFC, ALJ Prothro stated the following:

9

> In determining the claimant's residual functional capacity, the undersigned considered Acquiescence Ruling 98-4(6), *Drummond v. Commissioner of Social Security*, which states that a prior hearing decision findings with respect to a claimant's residual functional capacity must be adopted by subsequent adjudicators unless there is new and material evidence relating to this finding or there has been a change in the law, regulations, or rulings affecting the finding. The claimant has submitted updated medical evidence in the form of treatment records which show that the severity of her physical impairments has decreased since the previous decision was issued by Judge Condon in August 2012. Thus, new and material evidence necessitates a different finding with respect to the claimant's residual functional capacity.

(PageID.141).

The ALJ failed, however, to substantiate this conclusion with any discussion of or reference to the relevant medical evidence. There is absolutely no discussion by the ALJ of the ways in which Plaintiff's impairments or ability to function allegedly improved or what evidence supported such a finding. While the ALJ discusses certain aspects of the medical record in the context of assessing the credibility of Plaintiff and her care providers, this discussion is neither directed toward nor supports the ALJ's conclusion to disregard ALJ Condon's RFC finding. In sum, the ALJ's decision to disregard ALJ Condon's previous RFC finding is not supported by substantial evidence. The ALJ's failure in this regard is compounded by the fact that given the ALJ's other findings, a determination adopting ALJ Condon's RFC finding would appear to have resulted in a finding that Plaintiff was disabled pursuant to the Medical Vocational Guidelines (aka the Grids). (PageID.148; 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.10).

**II.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Specifically, it must be competently determined whether Plaintiff's impairments and ability to function have, in fact, improved since ALJ Condon's August 2012 decision. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).** A judgment consistent with this opinion will enter.

Dated: March 19, 2018  /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge